## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:05-cr-00274-EWN-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JOSEPH ANDREW ZMUGG,

      Defendant.

---

## PLEA AGREEMENT AND STATEMENT OF FACTS
## RELEVANT TO SENTENCING

---

    The United States of America (the government), by and through Gregory A. Holloway, Assistant United States Attorney for the District of Colorado, and the defendant, Joseph Andrew Zmugg, personally and by counsel, Scott Varholak, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR 11.1.

### I. PLEA AGREEMENT

    The defendant agrees to plead guilty to Counts 1, 2, 3, 4, 5, 6, 7 and 8 of the Indictment charging violations of 18 U.S.C. § 2252A(a)(2)(a), distribution of child pornography; and plead guilty to Counts 9, 10, 11, 12, 13, 14, and 15 charging violations of 18 U.S.C. § 2252A(a)(2)(a), receipt of child pornography; and to confess the forfeiture allegations of Count 21 of the Indictment.

    In exchange, the government agrees that at the time of defendant's sentencing it will dismiss the remaining counts of the Indictment. The government agrees that a three (3) point reduction in the offense level for acceptance of responsibility is appropriate. There are no other agreements with



respect to sentencing.  This plea is pursuant to Fed. R. Crim. P. 11(c)(1)(B).

## II.  STATUTORY PENALTIES

For each count, the maximum statutory penalty for a violation of 18 U.S.C. § 2252A(a)(2)(a) is:  not less than five (5) years nor more than twenty years imprisonment; not more than $250,000 fine, or both; not more than three (3) years supervised release; and a $100 special assessment fee.

Pursuant to 18 U.S.C. § 2252A(b), persons convicted of violating § 2252A(a)(2), following a conviction under, *inter alia*, 18 U.S.C. § 2251 *et seq*.; § 2141 *et seq*. or § 2421 *et seq*., or state law relating to sexual abuse or abusive sexual conduct with a minor shall be imprisoned for not less than fifteen (15) years nor more than 40 years, not more than $250,000 fine, or both; not more than five (5) years supervised release and a $100 special assessment fee; for each count.

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.  A violation of the conditions of probation or supervised release may result in a separate prison sentence.

## III.  STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction. Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant, pursuant to §1B1.3, for computing the appropriate advisory guideline range.

The parties agree that the government's evidence would show that the date on which conduct relevant to the offense (§1B1.3) began is on or about June of 2003.

The parties agree that the government's evidence would be:

2

Defendant is a resident of Denver, Colorado. During the summer of 2004, the defendant began to have chat-room sessions with an undercover police officer in Ohio. The officer claimed to have a twelve-year-old daughter whom she was willing to provide for sexual purposes. Defendant agreed to travel to Ohio to meet with the woman and engage in sexual relations with her daughter.

Defendant arrived at the pre-arranged meeting location on July 20, 2004. He was thereafter arrested. Defendant was transported to the Jackson Township Police Department and advised of his *Miranda* rights. He requested to speak with an attorney, and the impending interview was terminated. The defendant subsequently reinitiated contact with the officers, however, and told them that he wanted to speak with them without an attorney present. He thereafter signed a waiver of his *Miranda* rights.

Defendant admitted that he had engaged in sexually oriented chat-room sessions with an undercover police officer about her fictitious daughter. He also admitted that he possessed several video images of child pornography on his computer at his residence. After his confession, the defendant pleaded guilty and was sentenced on January 6, 2005 in the United States District Court for the Northern District of Ohio in Case Number 5:04CR423, to two counts – Enticement in Count 1; and, Travel in Interstate Commerce for the Purpose of Illicit Sexual Conduct in Count 2. The defendant received 60 months imprisonment for this conviction.

About three months later, on November 1, 2004, law enforcement agents interviewed the defendant's wife and son at their residence in Denver. The defendant had not lived at the residence since his arrest in July, 2004. Mrs. Zmugg said that her husband used an office space in the basement and kept several computers there. She told agents that they could take any computers in the basement that they wanted. In giving agents permission to seize the computers, Mrs. Zmugg told

3

them that she did not want any computers in her home that might possess child pornography and wanted agents to take the computers. Mrs. Zmugg and the defendant's son, Christopher, took the agents to the basement office. The door to the office was open; no key was necessary to enter. The door did not appear to be broken, off its hinges, or damaged in any way. Mrs. Zmugg and Christopher also led agents into another basement room that appeared to be a work or repair space with various old computer components. Agents did not take anything from this room. After Mrs. Zmugg and Christopher led the agents through the basement, agents returned to the basement office and disconnected four computers for a total of nine hard drives. The agents then transported them to the office of the FBI in Denver, Colorado.

On November 10, 2004, agents obtained a warrant to search all but one of the computers seized. The warrant commanded that the search be completed by November 20, 2004. After realizing that they had omitted one of the computers from the initial search warrant, agents obtained an additional warrant to search all of the seized computers on November 22, 2004. That warrant commanded that the search be executed by December 2, 2004.

Computer examiners copied all of the information on the eight hard drives described in the first warrant beginning on November 10, 2004 and finishing by November 18, 2004. Thus the warrant was fully executed two days before the ten-day deadline imposed. Information on the ninth hard drive was copied on November 23, 2004, thus executing the second warrant approximately one week prior to the ten-day deadline imposed in the amended warrant. In copying these hard drives, examiners used special software that would preserve all of the information in its original state and would be impossible to alter. Agents then looked at the copied disks over the course of approximately six months. A review of these copies revealed 200 images of child pornography.

4

Only the images from one home built computer containing three hard drives were used as the basis for the charges in the indictment. Because the remaining hard drives contained images of child pornography, all of the hard drives were seized pursuant to an administrative forfeiture.

Forensic analysis of the computers seized revealed approximately 200 images of child pornography. The images were stored in specific folders such as: !!Blo&Dildo.jpg; !!BabeSck.jpg; !!!!!!dad sk_toy fk.jpg; and, fukmydau.jpg. The images included pictures of children engaged in both oral and vaginal intercourse and other forms of sexually explicit conduct.

The defendant admits that at the time he transmitted, received and possessed the images charged in the indictment, he knew that the images depicted child pornography as defined in Title 18 United States Code § 2256(8)(A), and that the images traveled in interstate commerce. Specifically, the defendant distributed child pornography as described in the Indictment on September 8, 2003; March 12, 2004; March 15, 2004; and October 2, 2003. The defendant received child pornography as described in the Indictment on June 2, 2003; August 8, 15, 17, and 18, 2003; and October 20, 2003.

The defendant further stipulates that he possessed child pornographic images that involved a prepubescent minor or a minor under the age of twelve years. For example, the image "!!Blo&Dildo.jpg" that is the basis for Count 2 of the Indictment, charging distribution of child pornography, depicts a young prepubescent girl with both oral-genital contact and vaginal penetration. The defendant also admits that he used his computer to upload, access and possess the child pornographic material.

## IV. SENTENCING COMPUTATION

The parties stipulate that the following advisory guidelines apply: For *ex post facto* reasons,

5

the Guideline Manual in effect on the date of offense, the 2003 edition, has been used.

A.    The parties agree the base guideline is § 2G2.2, with a base offense level of 17.

B.    Because the material involved a prepubescent minor (or a minor under the age of twelve years), the base offense level is increased by 2 points pursuant to § 2G2.2(b)(1).

C.    Because the offense involved distribution other than distribution described in subdivisions (A) through (D), the offense level is increased by 2 levels pursuant to § 2G2.2(b)(2)(E).

D.    Because a computer was used for the transmission, receipt, or distribution of the material or a notice or advertisement of the material, the base offense level is increased by 2 levels pursuant to § 2G2.2(b)(5).

E.    Because the offense involved more than 150 but fewer than 300 images, the base offense level is increased by 3 levels pursuant to § 2G2.2(b)(6).

F.    There are no victim-related, role-in-offense or obstruction adjustments that apply. Pursuant to § 3D1.1 *et. al.*, there is one Unit, resulting in no increase in offense level.

G.    The adjusted offense level would therefore be 26.

H.    Should the defendant receive the adjustment for acceptance of responsibility, the offense level will be reduced by three points pursuant to § 3E1.1. Therefore, the resulting offense level would be 23.

I.    The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court. Known facts regarding the criminal history are as follows:

1. United States District Court for the Northern District of Ohio, Case Number 5:04CR423, January 6, 2005, Enticement and Travel in Interstate Commerce for the Purpose of Illicit Sexual Conduct;

6

60 months imprisonment.

Based on that information, if no other information were discovered, the defendant's criminal history category would be II.

J.      Assuming the (tentative) criminal history facts of (I) above, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

K.      The guideline range resulting from the offense level of 23, and the (tentative) criminal history category of II, is 51-63 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level of 23 could conceivably result in a range from 46 months (bottom of Category I), to 115 months (top of Category VI).  The sentence would be limited, in any case, by the statutory maximum.

The defendant posits that there is a statutory mandatory minimum of 60 months (5 years) pursuant to 18 U.S.C. § 2252A(b).  However, the defendant understands that the statutory mandatory minimum may be 180 months (15 years) pursuant to 18 U.S.C. § 2252A(b) for persons previously convicted of violating §§ 2252A(a)(1) or 2252A(a)(2), following a conviction under, *inter alia,* 18 U.S.C. § 2251 *et seq.*; § 2141 *et seq.* or § 2421 *et seq.*, or state law relating to sexual abuse or abusive sexual conduct with a minor.

L.      Pursuant to guideline §5E1.2, assuming an offense level of 23, the fine range for this offense would be $10,000 to $100,000, plus applicable interest and penalties.

M.      Pursuant to guideline §5D1.2, if the Court imposes the term of supervised release, that term shall be at least 2 years but not more than 3 years if the statutory mandatory minimum is 5 years.  If the statutory mandatory minimum is 15 years, the term of supervised release shall not be more than 5 years.

N.      Forfeiture of a homebuilt computer with three hard drives: 1. Western Digital, s/n WMAES1646776, 120 GB; 2. Seagate, s/n GTJ85050, 4.3 GB; 3. Fujitsu, s/n 01009554, 2.5 GB.

## V.  <u>WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE</u>

The parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied.  In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 29 MAR 06      _____
                      Joseph Zmugg
                      Defendant

Date: 3/29/06        _____
                      Scott Varholak
                      Attorney for Defendant

Date: 4.7.2006       _____
                      Gregory A. Holloway, WSBA #28743
                      Assistant U.S. Attorney

8