# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No.   1:05-cr-00274-EWN-01

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.  JOSEPH ANDREW ZMUGG,**

        Defendant.

---

## STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY
### (In accordance with the Sentencing Guidelines)

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, that all representations contained herein are true and correct, and that my attorney has assisted me as I have reviewed and completed this form.

1.      The nature of the charge against me has been explained to me by my attorney and the court.  I have had an opportunity to discuss with my attorney and with the court the nature of the charge and the elements which the government is required to prove.

2.      I know that when the court sentences me, the court will consider many factors, including the factors outline in 18 U.S.C. § 3553 and certain sentencing guidelines established by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(a), as those sentencing guidelines pertain to the crime I admit I committed, my degree of involvement in that crime, and my personal history and background.  I understand that the


Court
Exhibit
2

court has discretion with respect to the sentence imposed, and that I could be sentenced to serve the maximum term and pay the maximum fine, as set out in paragraph 3 below.

      3.     I know that the following penalties may be imposed upon me under the law, as a result of my guilty plea:

**Counts 1, 2, 3, 4, 5, 6, 7, and 8, in violation of 18 U.S.C. § 2252A(a)(2)(a), distribution of child pornography, and;**

**Counts 9, 10, 11, 12, 13, 14 and 15, in violation of 18 U.S.C. § 2252A(a)(1)(a), receipt of child pornography**

      a.     Not less than 5 years nor more than 20 years imprisonment;

      b.     A term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583;

      c.     A fine of not more than $250,000, pursuant to the statute that I admit I violated and/or the alternative fine schedule set out at 18 U.S.C. § 3571;

      d.     Restitution is not applicable in this case;

      e.     A special assessment of $100, pursuant to 18 U.S.C. § 3013;

      f.     A prison sentence that may be imposed for a violation of the conditions of probation or supervised release;

      g.     Loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury; and

      h.     Deportation from the United States if I am not a U. S. citizen and my crime satisfies one of the conditions in 8 U.S.C. § 1227(a)(2).

Pursuant to 18 U.S.C. § 2252A(b), persons convicted of violating §§ 2252A(a)(1) or 2252A(a)(2), following a conviction under, *inter alia*, 18 U.S.C. § 2251 *et seq.*; § 2141 *et seq.* or § 2421 *et seq.*, or state law relating to sexual abuse or abusive sexual conduct with a minor shall be imprisoned for not less than fifteen (15) years nor more than 40 years, not more than $250,000 fine, or both; not more than five (5) years supervised release and a $100 special assessment fee; for each count.

4.       I know that if I am convicted of more than one count, the sentences may be either concurrent or consecutive.

5.       I know that the information set out in Attachment A concerning the collection of fines and restitution applies to me, and I acknowledge that I have read Attachment A.

6.       _____ I know that if the blank at the beginning of this sentence is checked, the information set out in Attachment B concerning the payment and collection of restitution applies to me, and I acknowledge that I have read Attachment B.

7.       I know that I can be represented by an attorney at every stage of this proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me at the government's expense.

8.       I know that I have a right to plead "not guilty," and I know that if I do plead "not guilty," I can persist in that plea.

9.       I know that I have a right to a trial by jury, and I know that if I choose to stand trial:

a.  I have a right to the assistance of an attorney at every stage of the proceeding;

b.  I have a right to see and observe the witnesses who testify against me;

c.  My attorney can cross-examine all witnesses who testify against me;

d.  I can call such witnesses as I desire, and I can obtain subpoenas to require the attendance and testimony of those witnesses;

e.  If I cannot afford to pay the expenses that witnesses incur, the government will pay those expenses, including mileage and travel expenses, and including reasonable fees charged by expert witnesses;

f.  I cannot be forced to incriminate myself and I do not have to testify at any trial;

g.  I can testify at my trial if I choose to, and I do not have to decide whether to testify until after I have heard the government's evidence against me;

h.  If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my failure to testify;

i.  The government must prove each and every element of the offense(s) with which I am charged, beyond a reasonable doubt;

j.  In order for me to be convicted, the jury must reach a unanimous verdict of guilty; and

     k.     If I were to be convicted, I could appeal, and if I could not afford an appeal, the government would pay the cost of the appeal, including the cost of the services of an appointed attorney.

     10.     I know that if I plead guilty, there will not be a trial of any kind.

     11.     I know that if I plead guilty, there will be no appellate review of the question of whether or not I am guilty of the offense(s) to which I have pled guilty.

     12.     I know that once this court sentences me, both the government and I may be able to seek appellate review of the sentence imposed, pursuant to 18 U.S.C. § 3742. I understand that any such appellate review will extend only to the question of whether a proper sentence was imposed. I understand that the court of Appeals will not take up the question of whether I am guilty of the offense(s) to which I have pled guilty. I understand that I will have to serve the sentence that is imposed by this court, subject to modification of the sentence by order of the Court of Appeals and/or the United States Supreme Court.

     13.     No agreements have been reached, and no representations have been made to me as to what the sentence in this case will be, except that which is explicitly detailed in the document entitled "Plea Agreement and Statement of Facts Relevant to Sentencing", which will be tendered to the court during this proceeding. I further understand that any agreements and stipulations in the document entitled "Plea Agreement and Statement of Facts Relevant to Sentencing " are binding on the court only if the parties ask the court in that document to be so bound, and only if the court agrees to be so bound when it accepts my guilty plea(s).

14.     The only plea agreement which has been entered into with the government is that which is set out in the document entitled "Plea Agreement and Statement of Facts Relevant to Sentencing", which will be tendered by the government and me in this case and which I incorporate herein by reference.

15.     I understand that the court can make no decision as to what my sentence will be until the pre-sentence report has been received and reviewed by the court.

16.     I know that when I enter my plea of guilty, the court may ask me questions under oath about the offense to which I have pled guilty.  The questions, if asked of me on the record and in the presence of my attorney, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

17.     I know that I have the right to ask the court any questions that I have concerning my rights, these proceedings, and my plea to the charge.

18.     I am *63* years of age.  My education consists of ___*16*___ years.  I [can] [cannot] understand the English language.  (Circle either "can" or "cannot")

19.     Other than the promises of the government set out in the document entitled "Plea Agreement and Statement of Facts Relevant to Sentencing", no promises and no threats of any sort have been made to me by anyone to induce me or to persuade me to enter my plea in this case.

20.     No one has promised me that I will receive probation or any other form of leniency because of my plea of guilty.

21.     I have had sufficient opportunity to discuss this case and my intended plea of guilty with my attorney. I do not wish to consult with my attorney any further before I enter my plea of guilty.

22.     I am satisfied with my attorney. I believe that I have been represented effectively and competently in this case.

23.     My decision to enter the plea of guilty is made after full and careful thought, with the advice of my attorney, and with full understanding of my rights, the facts and circumstances of the case, and the potential consequences of my plea of guilty. I was not under the influence of any drugs, medication or intoxicants when I made the decision to enter my guilty plea. I am not now under the influence of any drugs, medication or intoxicants.

24.     I have no mental reservations concerning the entry of my plea.

25.     Insofar as it shows conduct on my part, the summary of facts set out in the document entitled "Plea Agreement and Statement of Facts Relevant to Sentencing" is true and correct, except as I have indicated in that document.

26.     I know that I am free to change or delete anything contained in this statement and that I am free to list my objections and my disagreements with anything contained in the document entitled "Plea Agreement and Statement of Facts Relevant to Sentencing". I accept both documents as they are currently drafted.

27.  I wish to plead guilty to the following charge:

**Counts 1, 2, 3, 4, 5, 6, 7, and 8, in violation of 18 U.S.C. § 2252A(a)(2)(a), distribution of child pornography, and;**
**Counts 9, 10, 11, 12, 13, 14 and 15, in violation of 18 U.S.C. § 2252A(a)(1)(a), receipt of child pornography,**
**and to confess the forfeiture allegations of Count 21 of the Indictment.**

Dated this _29_ day of _MARCH_____, 2006.


_____
JOSEPH ANDREW ZMUGG
Defendant

I certify that I have discussed this statement and the document entitled "Plea Agreement and Statement of Facts Relevant to Sentencing" with the defendant. I certify that I have fully explained the defendant's rights to him or her and have assisted him or her in completing this form. I believe that the defendant understands his or her rights and this statement. I believe that the defendant is knowingly and voluntarily entering his or her plea(s) with full knowledge of his or her legal rights, and with full knowledge of the possible consequences of his or her plea(s) of guilty. I believe that there is a factual basis for the plea(s) entered.


Dated this _29TH_ day of _MARCH_____, 2006.


_____
SCOTT T. VARHOLAK
Attorney for Defendant

# ATTACHMENT A

## COLLECTION OF FINE OR RESTITUTION BY GOVERNMENT AND PENALTY FOR FAILURE TO PAY
### (See 18 U.S.C. §§ 3611-3615)

1.      I understand that I will be required to pay interest on any fine or restitution of more than $2,500 unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment or unless interest is waived by the Court.

2.      I understand that unless modified by the Court, interest will be computed daily at a rate equal to the weekly average one-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the first day on which I am liable for interest.

3.      I understand that if a fine or restitution becomes delinquent, I shall be required to pay, as a penalty, an amount equal to ten percent of the principal amount that is delinquent.

4.      I understand that if a fine or restitution becomes in default, I shall be required to pay, as a penalty, an amount equal to 15 percent of the principal amount that is delinquent.

5.      I understand that in addition to any other collection procedures, any fine or restitution may give rise to the creation of a lien in favor of the United States upon my property and rights of property for payment of such fine or restitution as if my liability were a liability for a tax assessed under the Internal Revenue Code.

6.      I understand that if I willfully fail to pay my fine or restitution, the Court may revoke my probation or term of supervised release, modify the conditions of my supervision, or resentence me to any sentence which might originally have been imposed.

7.      I understand that if I willfully fail to pay my fine, I may be guilty of a separate offense in addition to the offense(s) to which I am pleading guilty. I understand that if I am convicted of this new offense, which is called "Criminal Default" and is set out in 18 U.S.C. § 3615, I may be fined not more than twice the amount of the unpaid balance of the fine or $10,000, whichever is greater, imprisoned not more than one year, or both.

**ATTACHMENT B**

RESTITUTION
(See 18 U.S.C. §§ 3663, 3663A and 3664)

1.      I understand   that in addition to any incarceration, supervised release, probation, fine and other penalties which may be imposed by the Court, I may also be required to make restitution to any victim(s) of the offense(s) which I admit I committed, to compensate the victim(s) for any losses they may have sustained as a result of my conduct.

2.      I understand that an order of restitution may be enforced by the government in the manner provided for the collection of fines and restitution under 18 U.S.C. §§ 3611-3615 (see Attachment A), or in the same manner as a judgment in a civil action.  I further understand that any victim named in the restitution order may enforce the order in the same manner as he/she would enforce a judgment in a civil action.