IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Criminal Case No. 05–cr–00274–EWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JOSEPH ANDREW ZMUGG,

    Defendant.

**MEMORANDUM OF SENTENCING HEARING AND
REPORT OF STATEMENT OF REASONS**

    Counsel for the Government, defense counsel, and defendant were present for the sentencing hearing. Based on that hearing, the report concerning pre-sentence investigation of defendant (hereinafter, the "PSR"), all other materials submitted to the court during or in connection with the sentencing hearing, and all materials in the court's file, the court enters the following findings, conclusions, and orders:

    1.  Pursuant to rule 32(b)(6) and (c)(3) of the Federal Rules of Criminal Procedure, the court verified that the defense attorney and defendant (1) were timely provided a copy of the report of the PSR, excluding only the final recommendation as to sentence, together with all addenda, and (2) had read and discussed the report. No other information was withheld.

    2.  The court afforded all counsel the opportunity to speak, to introduce testimony or other information relating to the report, and to comment on the probation officer's determination and on other matters relating to the appropriate sentence. The court addressed defendant personally and determined whether defendant wished to make a statement or present any information in mitigation of the sentence.

## RESOLUTION OF FACTUAL DISPUTES AND
## DISPUTES CONCERNING APPLICATION OF ADVISORY SENTENCING
## GUIDELINES

3. Neither the Government nor the defendant has challenged any aspect of the PSR. Therefore, the factual statements in the report are adopted without objection as the court's findings of fact concerning sentencing.

## GUIDELINE CALCULATIONS AND FINDINGS

4. Based upon all materials before the court, the court determines the appropriate guideline calculations to be as follows:

Counts One through Fifteen

a. Base Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

b. Adjustment for Material Involving a Prepubescent Minor or a Minor Who Had Not Attained the Age of 12 . . . . . . . . . . . . . . . . . . . . . . . . +2

c. Adjustment for Offense Involving Distribution of Material Involving the Sexual Exploitation of a Minor . . . . . . . . . . . . . . . . . . . . . . . . +2

d. Adjustment for Offense Involving a Computer for the Transmission, Receipt, or Distribution of the Material . . . . . . . . . . . . . . . . . . +2

e. Adjustment for Offense Involving at Least 150 but Less than 300 Images . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +3

f. **Adjusted Offense Level** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

g. Adjustment for Acceptance of Responsibility . . . . . . . . . . . . . -3

h. **Total Offense Level** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

i. Criminal History Category . . . . . . . . . . . . . . . . . . . . . . . . . . . II

j. Imprisonment Range         sixty months to sixty-three months

      k.    Supervised Release Range    two years to three years

      l.    Fine Range    $10,000 to $100,000

## RESTITUTION AND FINE

5. Restitution is not an issue in this case.

6. The court finds that defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay the minimum fine specified by the applicable guideline. Therefore, no fine is imposed.

## STATEMENT OF REASONS FOR SENTENCE

7. The reasons for all components of the sentence, *see* 18 U.S.C.A. § 3553(c) (West 2006), were stated in open court. In determining each component of the particular sentence to be imposed, the court has considered the nature and circumstances of the offense and the history and characteristics of the defendant. The court has also considered the kinds of sentences available and the sentencing range established in the federal sentencing guidelines. Consideration of those guidelines also serves the purpose of avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. In addition:

    a. The court finds (1) that a term of incarceration is appropriate and (2) that the length of incarceration imposed is sufficient, but not greater than necessary, to achieve the statutory purposes of such a sentence, including the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. The court recognizes "that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C.A. § 3582(West 2006).

    b. The court further finds (1) that a term of supervised release following imprisonment is appropriate and (2) that the length of the term and the conditions imposed are reasonably related to — and involve no greater deprivation of liberty than is reasonably necessary to achieve — the statutory purposes of this component of the sentence, including the need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes

of the defendant; and to provide the defendant with needed rehabilitation, professional supervision, educational or vocational training, medical care, or other correctional treatment in the most effective manner.

8. Because of the considerations recited in the preceding paragraph, especially the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, the court will impose a sentence within the recommended guideline range.

### IMPOSITION OF SENTENCE

9. The sentence imposed is as follows:

a. Defendant is committed to the custody of the United States Bureau of Prisons, to be imprisoned for a period of sixty months on each count of conviction, concurrent with one another. Of this sentence, six months is to be consecutive to the sentence imposed in Case No. 04–cr–00423–001 in the United States District Court for the Northern District of Ohio and forty-four months is to be concurrent. The court recommends that the Bureau of Prisons designate a facility in Colorado or FMC Springfield for service of sentence.

b. Upon release from his term of imprisonment, defendant will serve a term of three years on supervised release on each count of conviction, concurrent. Within seventy-two hours of his release from the custody of the Bureau of Prisons, defendant will report in person to the probation office in the district to which he is released. Defendant will observe thirteen of the fourteen[*] "standard" conditions of supervised release heretofore adopted by this court, and the clerk shall specifically enumerate these conditions in the judgment prepared under rule 32(d) of the Federal Rules of Criminal Procedure. Defendant will also observe the following special conditions:

---

[*]Because of the Tenth Circuit's decision in *United States v. Souser*, 405 F.3d 1162 (10th Cir. 2005), however, the judgment will delete condition 13 ("as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement").

    i.    He will not possess any firearm, destructive device, or any other dangerous weapon, as defined by federal or state statute.

    ii.    He will not illegally possess or use controlled substances.

    iii.    Because defendant's PSR indicates a low risk of future substance abuse by defendant, the court suspends the requirement of 18 U.S.C.A. § 3583(d) (West 2006) concerning mandatory drug testing.

    iv.    He will not commit a federal, state, or local crime.

    v.    Defendant will participate in a program for mental health treatment, as directed by the probation officer, until he is released from that program by the probation officer.  He will pay all costs of such treatment.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the PSR, for continuity of treatment.

    vi.    He will participate in an approved program of sex offender evaluation and mental health treatment, if recommended, which may include polygraph, plethysmograph, and Abel examinations, as directed by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer.  Defendant will comply with the rules and restrictions imposed by the treatment agency.  The court authorizes the probation officer to release psychological reports and/or the pre-sentence report to the treatment agency for continuity of treatment.

    vii.    The defendant shall register with the state sex offender agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

    viii.    The defendant shall cooperate in the collection of DNA, as directed by the probation officer.

    ix.    The defendant shall notify the probation officer of all computers and/or other Internet access devices to which the defendant has access.  The defendant shall allow the probation officer to make unannounced examinations of the data stored on the defendant's personal computer(s) and other Internet devices, and collected by such system(s) at any reasonable time and copy data which the probation officer believes may be evidence of a law violation or a technical violation of a condition of supervision.

   x. The defendant shall have no contact with any person under the age of eighteen, without prior approval of the Court.

 c. The defendant shall pay a special assessment of $1,500. 18 U.S.C.A. § 3013 (West 2006). This amount shall be payable immediately.

## ACCEPTANCE OF PLEA AND PLEA AGREEMENT

 10. The plea agreement in this case, entered into under the authority of Fed. R. Crim. P. 11(c)(1)(A) and (B), requires the Government to 1) dismiss the remaining counts of the indictment; and 2) recommend a three point reduction in the offense level for acceptance of responsibility. I conclude that the charges of conviction adequately reflect the seriousness of defendant's actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing. I further conclude that the the recommended sentence is within the applicable guideline range. *See* U.S.S.G. § 6B1.2(a), (b) (Nov. 2005). Accordingly, the plea agreement is accepted.

## MISCELLANEOUS

 11. Defendant has been advised of his right to appeal the sentence imposed. If he wishes to appeal, his trial counsel shall assist him in perfecting the appeal. If he cannot pay the cost of an appeal, he may apply to the court for leave to appeal *in forma pauperis*. If defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of defendant.

 12. This Memorandum of Sentencing Hearing and Report of Statement of Reasons is finalized and filed after oral imposition of sentence. It is intended to summarize and supplement the court's findings and conclusions delivered orally at the sentencing hearing. If any errors in the oral findings and conclusions were noted during the process of finalization, they have been corrected herein. Therefore, in the event of inconsistency between the oral findings and the contents of this memorandum, the contents of this memorandum are intended to control unless and until I expressly order otherwise.

 13. Defendant was remanded to the custody of the United States Marshal for the District of Colorado.

 14. The probation officer shall prepare the judgment required by rule 32(d) of the Federal Rules of Criminal Procedure, in accordance with this Memorandum of Sentencing Hearing and Report of Statement of Reasons. To comply with 18 U.S.C.A. § 3612(b)(1)(A) (West 2006), a separate section of the judgment styled "ADDENDUM TO JUDGMENT IN CRIMINAL CASE (CONFIDENTIAL INFORMATION CONCERNING DEFENDANT)" shall

contain defendant's social security account number, mailing address, and residence address.  The probation officer shall maintain this Addendum, and it shall not be filed with the clerk.  Unless otherwise ordered, the Probation Department shall disclose the Addendum only to counsel of record and to any attorney for the Government engaged, pursuant to 18 U.S.C.A. § 3612(b)(1)(A), in collection of a monetary obligation imposed by the judgment.  The judgment entered and filed by the clerk shall refer to the Addendum and shall recite that it contains defendant's social security number, date of birth, residence address, and mailing address and is withheld from the file pursuant to court order.  The court finds that defendant has a privacy interest in keeping this information confidential, that public disclosure of this information may potentially harm defendant, that the public interest in this information is minuscule, and that the potential harm to defendant outweighs the public interest in disclosure.

15.  The court concludes that this statement of reasons for imposing sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.")  No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2) (West 2006), the probation officer shall attach a copy of this Memorandum of Sentencing Hearing and Report of Statement of Reasons to the judgment filed by the clerk.  The Probation Department shall attach a copy of this Memorandum of Sentencing Hearing and Report of Statement of Reasons to the PSR.  The Probation Department shall also forward copies to the United States Sentencing Commission and the United States Bureau of Prisons.

Dated this 28th day of June, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge